UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE SULLIVAN and P. POES 1-75, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF WASHINGTON, a Washington public corporation; ELIZA SAUNDERS, Director of Public Records and Open Public Meetings at the University of Washington, in their official capacity,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**CLASS ACTION** |

Plaintiffs Jane Sullivan and P. Poes 1-75 bring this Complaint on behalf of themselves and all those similarly situated, against Defendant the University of Washington, and against Defendant Eliza Saunders ("Saunders") in their official capacity as Director of Public Records and Open Public Meetings at the University of Washington. Under Fed. R. Civ. P. 65, Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction restraining the University and Saunders from disclosing certain unredacted records that would reveal Plaintiffs' identities as the members, alternate members, and former members of the Institutional Animal Care and Use Committee of the University of Washington ("IACUC" or "the Committee").

COMPLAINT - 1
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

The IACUC reviews and monitors the use of animals in medical research at the University. It currently operates anonymously due to threats of harassment of Committee members by members of the public who oppose the use of animals in medical research. But an individual affiliated with an organization opposing animal research has filed a request with the University of Washington, under Washington's Public Records Act, seeking the disclosure of the Appointment Letters appointing Plaintiffs to the Committee. Disclosure of the Appointment Letters would reveal Plaintiffs' identities and end their anonymous service on the IACUC.

Under the Constitution of the United States and the Washington Constitution, Plaintiffs' constitutional rights to free association and expression without harassment or threats, as expressed through their affiliation with and service on the Committee, exempt Plaintiffs' personally identifying information from disclosure under the Public Records Act, and/or outweigh the interests of this requester in revealing Plaintiffs' identities. Plaintiffs seek, on their own behalf and on behalf of those similarly situated, an order of this Court enjoining the release of the Appointment Letters without the redaction of IACUC members' names and any other personally identifying information. Plaintiffs further seek to enjoin the unredacted release of any related documents or communications that would reveal members' names and other personally identifying information.

Plaintiffs allege as follows:

## I.   PARTIES

### Proposed Class Representatives

1. Plaintiff Jane Sullivan is Chair of the University of Washington's Institutional Animal Care and Use Committee. She has served in that capacity since 2015.

2. The remaining Plaintiffs seek to proceed pseudonymously as "P. Poe X" due to the confidentiality of their identities being among the essential information at issue in this action.

3. Plaintiff P. Poe 1 is a current member of the University of Washington's IACUC.

4. P. Poes 2-75 are a proposed class of individuals who are members, alternate members, or former members of the UW IACUC and may be added as plaintiffs because their

COMPLAINT - 2
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

personally identifying information is reflected in the records at issue or in related documents or communications.

5. Plaintiffs seek to proceed in a class action filed by Jane Sullivan and P. Poe 1 on behalf of all persons similarly situated ("P. Poes 2-75").

**Defendants**

6. Defendant University of Washington is a Washington public corporation.

7. Defendant Eliza Saunders is an official of the University of Washington, serving as Director of Public Records and Open Public Meetings at the University of Washington. Defendant Saunders is sued in their official capacity, as a "person" as defined in Title 42, United States Code, Section 1983.

## II.   JURISDICTION AND VENUE

8. This case arises under: the United States Constitution; the Constitution of the State of Washington; Title 42, United States Code, Section 1983; Title 42, United States Code, Section 289d (the Health Research Extension Act of 1985, Pub. L. No. 99-158); and Title 7, United States Code, Section 2143 (the Food Security Act of 1985, Pub. L. No. 99-198).

9. This Court has jurisdiction over this action under Title 28, United States Code, Sections 1331 and 1343.

10. This Court has pendent or supplemental jurisdiction over claims arising under the laws of the State of Washington under Title 28, United States Code, Section 1367(a).

11. Venue in this Court is proper under Title 28, United States Code, Section 1391(b)(2), because, on information and belief, the records at issue are maintained by the University of Washington in Seattle, Washington, and because Defendant Saunders exercises their official duties in Seattle, Washington, and made the decision in Seattle to produce relevant records.

## III.   FACTS

12. The Institutional Animal Care and Use Committee at the University of Washington is a committee associated with the University and established pursuant to federal law (Title 42,

COMPLAINT - 3
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

United States Code, Section 289d (the Health Research Extension Act of 1985, Pub. L. No. 99-158); and Title 7, United States Code, Section 2143 (the Food Security Act of 1985, Pub. L. No. 99-198).

13.     In the United States, every institution that accepts government funding for research involving the use of animals is required by federal law to have an IACUC to review, approve, and monitor all current or proposed research projects involving vertebrates or cephalopods (e.g. octopi). IACUCs are responsible for ensuring that animals receive the care, treatment, and respect that they deserve, as critical components of biomedical research to find cures for diseases and conditions that afflict both humans and animals.

14.     An IACUC must comply with federal laws, guidelines, and policies. It is subject to inspection by the U.S. Department of Health and Human Services, and the U.S. Department of Agriculture.

15.     The IACUC at the University of Washington has a website describing its organization and its activities, available at << https://oaw.uw.edu/iacuc/ >>.

16.     The UW IACUC website states: "The IACUC ensures compliance with federal regulations, reviews and approves each proposed animal project before it can begin, inspects animal facilities, and performs a comprehensive review of the University's animal program twice a year."

17.     The UW IACUC website further states: "IACUC members are appointed by the Institutional Official (IO), who is granted that authority by the President of the University. The IO is responsible for the proper functioning of the University's animal care and use program, including compliance with all laws and regulations. The IO at the University of Washington is the Sr. Associate Vice Provost for Research Administration and Integrity."

18.     The website further describes that "The committee includes at least one scientist with expertise in experiment design, at least one veterinarian experienced in care of research

COMPLAINT - 4
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

animals, at least one non-scientist, and at least one unaffiliated member — someone not employed by UW and whose immediate family members are not UW employees."

19. The IACUC must evaluate and prepare reports on all of the institution's programs and facilities (including satellite facilities) for activities involving animals at least twice each year. The reports are addressed to the Institutional Official.

20. As the website states, the IACUC has monthly meetings that are open to the public and include a public comment period. The website also makes available both the minutes of the monthly IACUC meetings and the committee's semi-annual reports to the Institutional Official.

21. Although the IACUC meetings are open to the public, the IACUC at the University of Washington has for some time operated with a limited amount of anonymity for its members and alternates, specifically due to ongoing threats and harassment of committee members by members of the public who oppose the use of animals in research.

22. The public still can view and comment at IACUC meetings. Members of the public are still making harassing and threatening comments to Committee members. For example, at the most recent monthly meeting of the IACUC on Thursday, February 17, 2022, a member of the public asserted the members of the committee were like "Nazis," and the UW was like "Auschwitz," for supporting animal research. Similar hostile comments have been made at a variety of meetings in the past.

23. IACUC members and alternates are also personally aware of a variety of harassing and threatening communications directed at them and their colleagues as a result of their association with the IACUC and/or with animal research. This has included, but is not limited to, picketing outside the private residence of an individual involved in animal research at UW, including by individuals who identified themselves as supporters of the group People for the Ethical Treatment of Animals ("PETA").

24. IACUC members and alternates reasonably believe that attempts to personally identify committee members, despite the otherwise public conduct of IACUC meetings and reports,

COMPLAINT - 5
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

are being made in order to allow members of the public who oppose the use of animals in medical research to harass and intimidate IACUC members and alternates. IACUC members and alternates reasonably believe that they would be harmed if their identities were made public by being subjected to increased harassment and threats.

25. For these reasons, the federal agencies that regulate IACUC committees have allowed the University of Washington's committee to continue to keep confidential the names of serving committee members and alternates, other than Plaintiff Jane Sullivan (the Chair), and the lead veterinarian.

26. People for the Ethical Treatment of Animals ("PETA") is an international organization that opposes what it terms "unethical" treatment of animals, including the use of animals in medical research. PETA's website asserts that "Animals are not ours to experiment on, eat, wear, use for entertainment, or abuse in any other way."

<< https://www.peta.org/features/what-peta-really-stands-for/>> (reviewed February 19, 2022).

27. Regarding the use of animals in medical research, PETA states that "PETA is at the forefront of stopping this abuse. Our dedicated team of scientists and other staff members work full time exposing the cruelty of animal tests in order to ensure their imminent end. This team… spearheads hard-hitting eyewitness exposés and public campaigns that have been pivotal in shifting public opinion against animal testing, and persuades major corporations, government agencies, and universities to abandon animal tests in favor of modern, non-animal methods."

<<https://www.peta.org/issues/animals-used-for-experimentation/>> (reviewed February 19, 2022).

28. PETA's website announces that PETA deliberately encourages its followers to send an overwhelming number of communications demanding closure of animal research institutions and programs. For example, PETA is currently opposing a primate research center associated with the University of Washington known as the Washington National Primate Research Center ("WaNPRC"). PETA itself declares on its website that "PETA supporters have sent more than

COMPLAINT - 6
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

57,000 e-mails calling for the immediate closure of the WaNPRC and the release of the monkeys there to reputable sanctuaries." Available at <<https://www.peta.org/blog/peta-sues-uw-monkey-experiments/>> (reviewed February 19, 2022).

29. On or about June 24, 2021, a public records request was filed with the University of Washington by Dr. Lisa Jones-Engel. Dr. Jones-Engel identified herself as "Senior Science Advisor, Primate Experimentation, Laboratory Investigations Department, People for the Ethical Treatment of Animals," with a "peta.org" email address.

30. Dr. Jones-Engel's public records request stated it was "made on behalf of People for the Ethical Treatment of Animal[s] (PETA), pursuant to Washington's Public Records Act, Wash. Rev. Code Secs. 42.56.001 to 42.56.904." The request was addressed to "Eliza A. Saunders, Director, Public Records and Open Meetings, University of Washington."

31. The request asked "For the period from Jan 1, 2014, to the present, I am requesting copies of all of the Institutional Animal Care and Use Committee appointment letters that institutional officials have created or produced."

32. Because "appointment letters" to the IACUC are addressed to individual Committee members and alternates, they contain personally identifying information, including revealing the identities, email and/or physical addresses, and/or work affiliations of Committee members.

33. Dr. Jones-Engel is a former member of the IACUC at the University of Washington and is very likely aware that the appointment letters include such personally identifying information.

34. During 2021 and 2022, the University of Washington processed this PETA records request and considered whether, in its view, the records in question were required to be disclosed under Washington's Public Records Act.

35. On February 9, 2022, the University of Washington notified members of the IACUC by email that in response to the Jones-Engel/PETA request, the University intends to release the

COMPLAINT - 7
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

requested records on February 25, 2022, and will do so if not notified by February 24, 2022, of a court order restricting the University from releasing the records.

36. The University of Washington's notification email regarding the Jones-Engel/PETA records request also contains the email addresses of various IACUC members and alternates, and the unredacted disclosure of this email and any similar communications also would reveal personally identifying information of those committee members.

37. On information and belief, Defendant Eliza Saunders, in their official capacity as Director of Public Records and Open Public Meetings at the University of Washington, is the official responsible for administering the University of Washington's response to the Public Records Act request at issue.

## IV.   CLASS ACTION ALLEGATIONS

38. Under Fed. R. Civ. P. 23(b), Plaintiffs Jane Sullivan and P. Poe 1 seek to bring this action as a class action on behalf of themselves and all individuals similarly situated ("P. Poes 2-75").

39. **Class Definition:** The proposed class consists of individuals who are current and former members and alternate members of the IACUC at the University of Washington, whose personally identifying information is reflected in one or more appointment letters, and/or in communications relating to the Jones-Engel/PETA public records request.

40. **Numerosity:** On information and belief, there are approximately 75 members in the proposed Class, who are unable to sue individually in the short time available prior to the University's stated intent to release the records in question. This Class is sufficiently numerous that it is impracticable to join each individual member. It will substantially benefit all parties and the Court if the claims of the Class may be considered and adjudicated in a single action.

41. **Commonality:** The claims of Plaintiffs and the class Plaintiffs seek to represent present common questions of law and fact. These include, but are not limited to, whether Plaintiffs' right to freedom of association under the Constitutions of Washington and the United States

COMPLAINT - 8
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

constitute an exemption to disclosure under RCW 42.56, and whether the Court should grant injunctive relief barring Defendants from releasing Plaintiffs' unredacted personally identifying information.

42. **Typicality:** The claims of Plaintiffs are typical of the Class, with the sole exception that Plaintiff Jane Sullivan does not serve as an anonymous member of the UW IACUC. In all other respects, Plaintiffs' claims are based on the same conduct by Defendants and share the same legal bases.

43. **Adequacy:** Plaintiffs are adequate representatives of the proposed Class, as their legal interests are in all respects aligned. Plaintiffs have retained the representation of undersigned counsel, who is experienced in class action litigation, and Plaintiffs have the resources necessary to prosecute this action.

44. **Injunctive Relief**: Because Defendants threaten to act on grounds applicable to the proposed Class as a whole, injunctive relief as to the proposed Class as a whole is appropriate, and would avoid a risk of duplicative litigation and inconsistent adjudications.

## FIRST CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL FREEDOM TO ASSOCIATE

45. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

46. Plaintiffs' affiliation with each other, and with the UW IACUC, is a form of free association and expression protected under the Constitutions of Washington and the United States.

47. Plaintiffs have the right to exercise these constitutional rights free from inappropriate harassment and threats.

48. Under the present circumstances, Defendants' disclosure of Plaintiffs' personally identifying information pursuant to Washington's Public Records Act would infringe on Plaintiffs' constitutional rights.

COMPLAINT - 9
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

49.     To the extent Defendants are state officers acting in their official capacity under color of state law, Plaintiffs may further obtain injunctive relief under Title 42, United States Code, Section 1983, from Defendants' deprivation of Plaintiffs' constitutional rights.

## SECOND CAUSE OF ACTION

## INJUNCTIVE RELIEF (RCW 42.56.540)

50.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

51.     Washington's Public Records Act, RCW 42.56.540, authorizes a court to enjoin the release of a public record when "such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions."

52.     Washington's Public Records Act, RCW 42.56.070(1), further provides that a public record may be exempt from disclosure under an "other statute" outside of the Public Records Act "which exempts or prohibits disclosure of specific information or records."

53.     Plaintiffs' constitutional rights of free association and expression free from harassment constitute an "other statute" exempting Plaintiffs' personally identifying information from disclosure under RCW 42.56.070(1), and therefore authorizing an injunction under RCW 42.56.540.

54.     Because the disclosure of Plaintiffs' personally identifying information would infringe on Plaintiffs' constitutional rights of free association and expression, Plaintiffs are entitled to an injunction barring disclosure of such information under RCW 42.56.070(1) and RCW 42.56.540.

## THIRD CAUSE OF ACTION

## DECLARATORY JUDGMENT

55.     Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

COMPLAINT - 10
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

56. Plaintiffs are entitled to a declaratory judgment against Defendants, because a substantial controversy exists between Plaintiffs and Defendants, as alleged herein.

57. Plaintiffs are entitled to a declaratory judgment including but not limited to whether Plaintiffs' constitutional rights of free association and expression free from harassment constitute an "other statute" exempting Plaintiffs' personally identifying information from disclosure under RCW 42.56.070(1), and therefore authorizing an injunction under RCW 42.56.540.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment in their favor and relief against Defendants as follows:

A. Temporary, preliminary, and permanent injunctive relief, enjoining each of Defendants from disclosing personally identifying information of Plaintiffs;

B. Declaratory judgment that the release of Plaintiffs' personally identifying information would violate the constitutional rights of Plaintiffs;

C. Certification of a class of Plaintiffs as defined above;

D. The appointment of Plaintiffs as representatives of the certified class;

E. The appointment of undersigned counsel as counsel for the certified class;

F. Declaratory judgment that disclosure of the "P. Poe" plaintiffs' and class members' personally identifying information would violate the Constitutions of the United States and Washington, and for that reason is exempt from disclosure under Washington's Public Records Act;

G. Such other and further relief as the Court deems proper and just.

DATED this 22nd day of February, 2022.

COMPLAINT - 11
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Respectfully submitted,

**Goldfarb & Huck Roth Riojas, PLLC**

*/s/Darwin P. Roberts*
Darwin P. Roberts, WSBA No. 32539

925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
E-mail:  roberts@goldfarb-huck.com

Counsel for Plaintiffs Jane Sullivan et al.

COMPLAINT - 12
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO.

**GOLDFARB & HUCK
ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260