1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

JANE SULLIVAN and P. POES 1-75,
individually and on behalf of others
similarly situated,

                    Plaintiffs,

          v.

THE UNIVERSITY OF WASHINGTON, a
Washington public corporation; ELIZA
SAUNDERS, Director of Public Records
and Open Public Meetings at the University
of Washington, in their official capacity,

                    Defendants.

Case No. 2:22-cv-00204-RAJ

**PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S
UNOPPOSED MOTION TO
INTERVENE AS DEFENDANT**

**Noting Date: March 2, 2022**

16    Pursuant to Fed. R. Civ. P. 24, People for the Ethical Treatment of Animals, Inc.

17 ("PETA") moves to intervene in this action as a defendant. This motion is supported by the

18 Memorandum of Points and Authorities below. Pursuant to Fed. R. Civ. P. 24(c), PETA's

19 proposed Answer is attached hereto as Exhibit A. Counsel for PETA has conferred with counsel

20 for Plaintiffs and Defendants, who do not oppose PETA's intervention.

21                           **MEMORANDUM OF POINTS AND AUTHORITIES**

22    In this case, Plaintiffs seek to enjoin the University of Washington ("UW") from

23 releasing records containing Plaintiffs' personal identifying information pursuant to

24 Washington's Public Records Act ("PRA"). (*See generally* ECF No. 1.) Specifically, Plaintiffs

25 seek to prevent UW from releasing the appointment letters for members of UW's Institutional

26 Animal Care and Use Committee ("IACUC"), which PETA has requested under the PRA. (*Id*.

27 ¶¶ 29-32; ECF No. 3, Ex. B.)

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.'S
UNOPPOSED MOTION TO INTERVENE AS DEFENDANT - 1

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1    Fed. R. Civ. P. 24(a)(2) provides that, on timely motion, the Court must permit anyone to

2  intervene who "claims an interest relating to the property or transaction that is the subject of the

3  action, and is so situated that disposing of the action may as a practical matter impair or impede

4  the movant's ability to protect its interest, unless existing parties adequately represent that

5  interest." PETA has a right to intervene in this case under that provision.

6    First, the requestor of public records plainly has an interest in an action seeking to enjoin

7  their release. *See*, *e.g.*, *Burt v. Wn. State Dep't of Corrections*, 168 Wn.2d 828, 834 (2010)

8  (noting that it was undisputed that "the requester of the records" under the PRA has "an interest

9  in the subject of the action"); *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379-80 (5th Cir. 2001)

10 (FOIA requestor "asserts an interest related to the transaction that forms the basis of the

11 controversy" in a lawsuit seeking to enjoin disclosure of records).

12    Second, adjudicating this case in PETA's absence could, as a practical matter, impair or

13 impede PETA's interest. As a non-party, PETA would have no right to appeal an adverse ruling

14 enjoining disclosure of the records it requested, and such a ruling would, in effect, prevent PETA

15 from obtaining the information it seeks. *See Glickman*, 256 F.3d at 378-80.

16    Third, none of the existing parties to this action adequately represent PETA's interest.

17 UW has little, if any, incentive to vigorously advocate for the disclosure of the records PETA

18 seeks, particularly since some IACUC members are university faculty or otherwise affiliated

19 with the university. *See Burt*, 168 Wn.2d at 835 ("because of the parties' employee/employer

20 relationship, no party was in a position to zealously advocate for the release of the records, which

21 made for a proceeding that was not truly adversarial"). Indeed, UW has essentially conceded as

22 much by acknowledging that, in PRA injunction actions, the requestor is generally a necessary

23 party.[1] (ECF No. 13 (citing *Burt*).) UW has also already indicated its non-opposition to the

24 temporary injunctive relief sought in this case (*see* ECF No. 14), which (other than its duration)

25 is the same as the preliminary and permanent injunctive relief that Plaintiffs seek. That is a

26    ────────────────

27 [1] While Plaintiffs do not oppose this motion, Plaintiffs' counsel has advised that Plaintiffs do not concede that PETA is a necessary party.

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.'S
UNOPPOSED MOTION TO INTERVENE AS DEFENDANT - 2

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1   further indication that UW's representation of PETA's interest may be inadequate. *See*

2   *Glickman*, 256 F.3d at 380-81 (USDA's failure to contest the TRO or preliminary injunction

3   indicates inadequacy); *Burt*, 168 Wn.2d at 835-36 ("Considering the parties' identical positions,

4   no party was able to oppose nondisclosure or to ensure that the party bearing the burden of proof

5   met that burden. The only person who wanted to see the records disclosed in this case was the

6   person left out of the action, [the requestor].").

7         Finally, there is no question regarding the timeliness of this motion. This action has just

8   begun, and PETA has sought to intervene within days of its filing. Moreover, by indicating their

9   non-opposition to this motion, the existing parties apparently do not claim any prejudice from

10   PETA's joinder at this time. *See Glickman*, 256 F.3d at 376 (discussing factors for determining

11   timeliness of intervention motion).

12         Alternatively, the Court should permit PETA's intervention under Fed. R. Civ.

13   P. 24(b)(1)(B). As shown by the proposed answer attached as Exhibit A, PETA "has a…defense

14   that shares with the main action a common question of law or fact." Moreover, as just noted,

15   PETA's intervention will not "unduly delay or prejudice the adjudication of the original parties'

16   rights." Fed. R. Civ. P. 24(b)(3).

17

18         DATED this 2nd day of March, 2022.

19                     **ANGELI LAW GROUP LLC**

20                     *s/ Peter D. Hawkes*

21                     Peter D. Hawkes, WSBA #56794
                  Angeli Law Group LLC

22                     121 SW Morrison Street, Suite 400
                  Portland, OR 97204

23                     Tel: 971-420-0220
                  Fax: 503-227-0880

24

25                     Attorneys for People for the Ethical
                  Treatment of Animals, Inc.

26

27

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.'S
UNOPPOSED MOTION TO INTERVENE AS DEFENDANT - 3

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JANE SULLIVAN and P. POES 1-75, individually and on behalf of others similarly situated, | Case No. 2:22-cv-00204-RAJ |
| Plaintiffs, | **INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT** |
| v. | |
| THE UNIVERSITY OF WASHINGTON, a Washington public corporation; ELIZA SAUNDERS, Director of Public Records and Open Public Meetings at the University of Washington, in their official capacity, | |
| Defendants, | |
| and | |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a Virginia nonstock corporation, | |
| Intervenor-Defendant. | |

In answer to Plaintiffs' Complaint, Intervenor-Defendant People for the Ethical

Treatment of Animals, Inc. ("PETA") admits, denies, and alleges as follows. Except to the extent

expressly admitted herein, PETA denies each and every allegation of the Complaint.[1]

---

[1] Plaintiffs' Complaint contains three unnumbered prefatory paragraphs that appear to be a summary of its claims and legal positions, but that do not constitute any part of Plaintiffs' allegations. Accordingly, PETA does not respond to that introductory material.

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 1

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

## I.    PARTIES

### Proposed Class Representatives

1.    PETA admits the allegations of paragraph 1.

2.    PETA is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore denies them.

3.    PETA is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore denies them.

4.    PETA is without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies them.

5.    In answer to paragraph 5, PETA admits that Plaintiffs' complaint purports to seek to proceed as a class action but denies that class treatment is appropriate in this case.

### Defendants

6.    PETA admits the allegations of paragraph 6.

7.    PETA admits the allegations of paragraph 7.

## II..    JURISDICTION AND VENUE

8.    PETA admits the allegations of paragraph 8.

9.    In answer to paragraph 9, PETA admits that this Court has jurisdiction under 28 U.S.C. § 1331, but denies that this Court has jurisdiction under 28 U.S.C. § 1343.

10.    PETA admits the allegations of paragraph 10.

11.    PETA admits the allegations of paragraph 11.

## II.    FACTS

12.    PETA admits the allegations of paragraph 12.

13.    PETA admits that every institution that accepts government funding for experiments involving the use of animals is required by federal law to have an IACUC to review, approve, and monitor all current or proposed projects involving covered animals, but denies any implication that the UW IACUC adequately ensures animal welfare or scientific practices as described in paragraph 13.

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 2

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

14.     PETA admits the allegations of paragraph 14.

15.     In answer to paragraph 15, PETA admits that the UW IACUC has a website at the address indicated, but denies that the website constitutes a full and accurate description of the UW IACUC's organization and activities.

16.     In answer to paragraph 16, PETA admits the allegations accurately quote from the contents of the UW IACUC's website. PETA is without sufficient information to form a belief as to whether the quoted contents of the UW IACUC's website are substantively accurate and complete, and therefore deny them.

17.     In answer to paragraph 17, PETA admits the allegations accurately quote the UW IACUC's website. PETA is without sufficient information to form a belief as to whether the quoted contents of the UW IACUC's website are substantively accurate and complete, and therefore deny them.

18.     In answer to paragraph 18, PETA admits the allegations accurately quote the UW IACUC's website. PETA is without sufficient information to form a belief as to whether the quoted contents of the UW IACUC's website are substantively accurate and complete, and therefore deny them.

19.     PETA admits the allegations of paragraph 19.

20.     In answer to paragraph 20, PETA admits that the UW IACUC has monthly meetings that are observable to some extent by the public and that include a public comment period, but denies that those meetings "are open to the public" as required by Washington's Open Public Meetings Act. PETA further admits that minutes of some monthly IACUC meetings and the UW IACUC's semi-annual reports to the Institutional Official are available on its website, but denies that those materials are accurate, complete, or legally compliant.

21.     In answer to paragraph 21, PETA denies that the UW IACUC's meetings "are open to the public" as required by Washington's Open Public Meetings Act. PETA admits that UW and the UW IACUC have for some time operated with anonymity for its members and

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 3

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1    alternates, but denies that such anonymity is "limited." PETA denies the remaining allegations of

2    paragraph 21.

3            22.     In answer to paragraph 22, PETA admits that, to some extent, the public can view

4    and comment at IACUC meetings. PETA denies that, as alleged in paragraph 22, members of the

5    public are making or have made comments to Committee members that can fairly be

6    characterized as "harassing and threatening." PETA is without sufficient information to form a

7    belief as to the remaining allegations of paragraph 22, and therefore denies them.

8            23.     In answer to paragraph 23, PETA denies that the First Amendment-protected

9    conduct described therein can fairly be described as "harassing and threatening." PETA is

10   without sufficient information to form a belief as to the remaining allegations of paragraph 23,

11   and therefore denies them.

12           24.     PETA denies the allegations of paragraph 24.

13           25.     PETA is without sufficient information to form a belief as to the allegations of

14   paragraph 25, and therefore denies them.

15           26.     PETA admits the allegations of paragraph 26.

16           27.     PETA admits the allegations of paragraph 27.

17           28.     In answer to paragraph 28, PETA admits that it encourages its supporters to make

18   their views known, including via email. PETA further admits that it currently advocates for the

19   closure of the WaNPRC, and that the quotation from PETA's website is accurate. Except to the

20   extent admitted herein, PETA denies the allegations of paragraph 28.

21           29.     PETA admits the allegations of paragraph 29.

22           30.     PETA admits the allegations of paragraph 30.

23           31.     PETA admits the allegations of paragraph 31.

24           32.     In answer to paragraph 32, PETA admits that IACUC appointment letters would

25   contain information reflecting the identities or affiliations of Committee members and alternates.

26   PETA is without sufficient information to form a belief as to the remaining allegations of

27   paragraph 32, and therefore denies them.

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 4

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

33.     In answer to paragraph 33, PETA admits that Dr. Jones-Engel is a former member of the UW IACUC and has a general understanding of the typical contents of IACUC appointment letters, including that they would contain information reflecting the identities or affiliations of Committee members and alternates. Except to the extent admitted herein, PETA denies the allegations of paragraph 33.

34.     PETA is without sufficient information to form a belief as to the allegations of paragraph 34, and therefore denies them.

35.     PETA is without sufficient information to form a belief as to the allegations of paragraph 35, and therefore denies them.

36.     PETA is without sufficient information to form a belief as to the allegations of paragraph 36, and therefore denies them.

37.     PETA  is without sufficient information to form a belief as to the allegations of paragraph 37, and therefore denies them.

### III.     CLASS ACTION ALLEGATIONS

38.     In answer to paragraph 38, PETA admits that Plaintiffs' complaint purports to seek to proceed as a class action but denies that class treatment is appropriate in this case.

39.     In answer to paragraph 39, PETA admits that it reflects Plaintiffs' proposed class definition but denies that class treatment is appropriate in this case.

40.     In answer to paragraph 40, PETA is without sufficient information to form a belief as to the allegation regarding the number of members of the proposed class, and therefor denies it. PETA denies the remaining allegations of paragraph 40.

41.     PETA denies the allegations of paragraph 41.

42.     PETA denies the allegations of paragraph 42.

43.     PETA denies the allegations of paragraph 43.

44.     PETA denies the allegations of paragraph 44.

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 5

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

Exhibit A
Page 5 of 8

1

**FIRST CAUSE OF ACTION**

2

**VIOLATION OF CONSTITUTIONAL FREEDOM TO ASSOCIATE**

3       45.      In answer to paragraph 45, PETA repeats its admissions or denials of each and

4    every allegation contained in the preceding paragraphs as if fully set forth herein.

5       46.      PETA denies the allegations of paragraph 46.

6       47.      PETA denies the allegations of paragraph 47.

7       48.      PETA denies the allegations of paragraph 48.

8       49.      PETA denies the allegations of paragraph 49.

9

**SECOND CAUSE OF ACTION**

10

**INJUNCTIVE RELIEF (RCW 42.56.540)**

11       50.      In answer to paragraph 50, PETA repeats its admissions or denials of each and

12    every allegation contained in the preceding paragraphs as if fully set forth herein.

13       51.      PETA admits the allegations of paragraph 51.

14       52.      PETA admits the allegations of paragraph 52.

15       53.      PETA denies the allegations of paragraph 53.

16       54.      PETA denies the allegations of paragraph 54.

17

**THIRD CAUSE OF ACTION**

18

**DECLARATORY JUDGMENT**

19       55.      In answer to paragraph 55, PETA repeats its admissions or denials of each and

20    every allegation contained in the preceding paragraphs as if fully set forth herein.

21       56.      PETA denies the allegations of paragraph 56.

22       57.      PETA denies the allegations of paragraph 57.

23

24

**DEFENSES AND AFFIRMATIVE DEFENSES**

25

**FIRST DEFENSE**

26

**(Failure to State a Claim)**

27       58.      Plaintiffs fail to state a claim upon which relief can be granted.

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 6

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**SECOND DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

59.     The claims asserted by one or more of the Plaintiffs and/or the proposed class members are moot or otherwise nonjusticiable, thereby depriving this Court of subject matter jurisdiction.

**FIRST AFFIRMATIVE DEFENSE**

**(Estoppel/Waiver)**

60.     By accepting appointment as members or alternates of the UW IACUC, Plaintiffs have waived their claims, and/or are estopped from asserting them.

**RESERVATION OF ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES**

61.     PETA reserves the right to assert additional defenses or affirmative defenses that come to its attention through further litigation and discovery in this matter.


NOW, WHEREFORE, having answered Plaintiffs' Complaint and stated its defenses and affirmative defenses, PETA prays for relief as follows:

A.  Dismissal of Plaintiffs' claims with prejudice;

B.  Denial of any preliminary or permanent injunctive relief enjoining the disclosure of the public records PETA has requested;

C.  Denial of class certification, the appointment of Plaintiffs as class representatives, and/or the appointment of Plaintiffs' counsel as class counsel;

D.  A declaratory judgment that UW must release the documents PETA seeks pursuant to the PRA; and

E.  Such other and further relief as may be proper pursuant to the PRA or as the Court deems proper.


DATED this ___ day of March, 2022.

**ANGELI LAW GROUP LLC**

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 7

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1

2          s/ Peter D. Hawkes
           Peter D. Hawkes, WSBA #56794
3          Angeli Law Group LLC
           121 SW Morrison Street, Suite 400
4          Portland, OR 97204
           Tel: 971-420-0220
5          Fax: 503-227-0880

6          Attorneys for People for the Ethical
           Treatment of Animals, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

INTERVENOR-DEFENDANT PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.'S ANSWER TO COMPLAINT - 8

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880