The Honorable Richard A. Jones

1

2

3

4             IN THE UNITED STATES DISTRICT COURT

5              WESTERN DISTRICT OF WASHINGTON

6                        AT SEATTLE

7

JANE SULLIVAN and P. POES 1-75,        Case No. 2:22-cv-00204-RAJ
8  individually and on behalf of others
   similarly situated,
9
                   Plaintiffs,          **DECLARATION OF KATHY**
10                                        **GUILLERMO IN SUPPORT OF**
             v.                          **INTERVENOR-DEFENDANT**
11                                        **PEOPLE FOR THE ETHICAL**
   THE UNIVERSITY OF WASHINGTON, a       **TREATMENT OF ANIMALS, INC.'S**
12  Washington public corporation; ELIZA  **OPPOSITION TO PLAINTIFFS'**
   SAUNDERS, Director of Public Records   **MOTION FOR PRELIMINARY**
13  and Open Public Meetings at the University **INJUNCTION**
   of Washington, in their official capacity,
14
                   Defendants,
15
             and
16
   PEOPLE FOR THE ETHICAL
17  TREATMENT OF ANIMALS, INC., a
   Virginia nonstock corporation,
18
                   Intervenor-Defendant.
19

20

21        I, Kathy Guillermo, declare as follows:

22        1.      I am a senior vice president of laboratory investigations for People for the Ethical

23  Treatment of Animals, Inc. ("PETA"). I have personal knowledge of the matters set forth in this

24  declaration and am competent to testify in this matter.

25        2.      In my position, I oversee the work of scientists and others in our department to

26  review the use of animals in experiments not required by government agencies; to provide

27  information to our supporters, regulators, and the public about those experiments; and to review

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 1

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

the use of animals in those experiments for possible violations of the Animal Welfare Act ("AWA") or National Institutes of Health guidelines.

3.     Holding the University of Washington ("UW") accountable and educating the public about UW's activities are integral to these efforts. In large part, this is because UW, through the Washington National Primate Research Center ("WaNPRC"), a department of UW, oversees one of seven remaining "flagship primate centers" and, as a whole, receives billions of dollars in federal funds that contribute toward experimentation on animals.

4.     As required by federal law, UW has an Institutional Animal Care and Use Committee ("IACUC"). As UW has acknowledged in a prior consent decree, the UW IACUC "is a governing body of the University of Washington with respect to issues of the care, use, and welfare of laboratory animals at the University of Washington." A true and correct copy of that consent decree is attached as **Exhibit A.** The UW IACUC, like all IACUCs, is charged with overseeing the use of animals in experimentation at UW, reviewing proposed experimental protocols involving the use of animals, and approving, rejecting, or requiring modification to such protocols before any experiments can begin or significant changes to approved experiments can be implemented.

5.     PETA's particular interest in the composition of the UW IACUC stems from a number of factors.

     a.   First, under the supervision of the UW IACUC, UW has compiled a notably egregious record for animal welfare—even by what PETA understands to be the insufficient standards of the animal-experimentation industry. Public records, including reports from federal inspectors routinely finding violations of the AWA, show horrifying conditions for animals at UW—including, as documented in the Inspection Report dated January 26, 2021, a true and correct copy of which is attached as **Exhibit B**, that animals frequently suffer from incompetence and neglect, including a monkey strangled to death when caught on a cage chain, as well as monkeys dying from veterinary error, thirst, starvation, blood loss, and

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 2

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

choking on their own vomit, and monkeys being mauled by other monkeys. Last

October, a lengthy exposé by the *Arizona Republic* detailed violations of state law

and compromised science by UW, including sending apparently diseased

monkeys to experimenters across the country, violating state animal-health and

import regulations, operating without state oversight, failing to prevent the

introduction and spread of deadly diseases among monkeys, and incurring

repeated citations for violations of animal-welfare laws.

b.   Second, the UW IACUC itself can be described, most generously, as consistently

inert in failing to address chronic welfare issues in any meaningful way. For

example, as documented in the Inspection Report dated July 14, 2015, a true and

correct copy of which is attached as **Exhibit C**, inspectors with the United States

Department of Agriculture ("USDA"), who are responsible for AWA

enforcement, found the UW IACUC to be operating essentially as a

rubberstamping entity because it approved major surgeries on animals even

though the experimenters had not bothered to provide crucial information in the

proposed protocols. In one such instance, non-human primates who were

subjected to skull, arm, and vertebral implants experienced severe medical

complications after the surgeries and had to be killed; among other missing

critical information, the experimenter had not described the devices to be

implanted or the size and location of incisions to be made. By way of further

example, as documented in a letter dated May 11, 2021, a true and correct copy of

which is attached as **Exhibit D**, the USDA informed UW that it would not grant

UW's appeal of citations of critical AWA violations because UW's record of

animal care—and, by implication, the UW IACUC's record—"is not indicative of

a facility that is demonstrating success at preventing critical animal welfare

issues." Specifically, the USDA had found that, between August 2019 and April

2020, UW had committed critical AWA violations that caused injury to several

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 3

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

monkeys, including but not limited to an incident in which a monkey was left confined outside their regular enclosure without access to food or water for at least 12 hours. I have asked my colleagues and staff whom I supervise to review UW IACUC meetings, meeting agendas, and meeting minutes for any indication that the UW IACUC took meaningful measures in response. I understand that no such evidence exists, and that the UW IACUC, despite this incident appearing on its May 2020 and July 2020 meeting agendas, chose, as documented in the May 21 and July 20, 2020 UW IACUC Meeting Minutes, true and correct copies of which are attached as **Exhibit E**, at 3, 8, to instead stress "the importance of self-reporting instead of punitive actions held against individuals," tabling discussion regarding steps as minimal as sending a letter to facility upper management. Likewise, neither I nor my staff has seen any indication that the UW IACUC was able to prevent issues described by the *Arizona Republic* or meaningfully, if at all, address them before or after publication.

c.  Third, the UW IACUC has itself engaged in direct misconduct on issues of extreme and urgent public interest. For example, as documented in **Exhibit F**, which is a true and correct copy of a set of emails produced by UW to PETA in response to a public records request, in November 2020, federal officials concluded that the head of the UW IACUC made "knowingly false" statements when she claimed during an IACUC meeting that experimentation on monkeys at WaNPRC helped create Moderna's COVID-19 vaccine.

6.  PETA has a good faith belief that these issues stem in significant part from UW having an illegally constituted IACUC that has failed to include a member not affiliated with the institution, as is required by the AWA, at 7 U.S.C. § 2143(b)(1) and 9 C.F.R. § 2.31(b), the Health Research Extension Act, at 42 U.S.C. § 289d(b)(2), and the Public Health Service

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 4

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

("PHS"), at PHS Policy on Humane Care and Use of Laboratory Animals § IV.A.3.b,[1] or a "member whose primary concerns are in a nonscientific area," as is required by the PHS, at PHS Policy on Humane Care and Use of Laboratory Animals § IV.A.3.b.

7.      PETA understands that to meet the NIH's definition of a nonaffiliated member, such an individual must not be "affiliated with the intuition," "an immediate family member of an individual affiliated with the institution," such as the "spouse" of an affiliated individual, and must not be a "laboratory animal user or former user." *See* Guidance on Qualifications of IACUC Nonscientific and Nonaffiliated Members, NIH, June 9, 2015.[2] NIH also states that an institution should confirm a nonaffiliated IACUC appointee "has no discernible ties or ongoing affiliation with the institution," "must be assured that the person is not in any way obligated to the institution," and "must" avoid "[r]eal or perceived conflicts of interest." *Id.* With regard to a member designated as a nonscientist, NIH states that such an individual should "represent the general community interests in the proper care and use of animals," bringing to the table "a naïve attitude with regard to science and scientific activities." *Id.*

8.      PETA's belief that the UW IACUC fails to meet these legal requirements is based on a number of factors:

  a.  PETA understands that one UW IACUC member UW designates as "Unaffiliated" —whose identity PETA has confirmed through means described below—used laboratory animals in conducting experiments in relation to their published thesis and, from 2005 to 2015, was the director of an academic veterinary technician program that includes a laboratory-animal component. In PETA's understanding, this member could not qualify as a nonaffiliated member.

  b.  PETA understands that another UW IACUC member UW designates as "Unaffiliated"—whose identity PETA has confirmed through means described

---

[1] *Available at* https://olaw.nih.gov/policies-laws/phs-policy.htm.

[2] *Available at* https://grants.nih.gov/grants/guide/notice-files/NOT-OD-15-109.html#:~:text=NOT%2DOD%2D15%2D109,IACUC%20Nonscientific%20and%20Nonaffiliated%20Members&text=This%20Notice%20provides%20guidance%20to,nonaffiliated%20members%20of%20the%20IACUC.

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

below—is a former UW employee, extensively used laboratory animals while at UW, and is currently employed at a facility that conducts experimentation on animals in collaboration with UW. In PETA's understanding, this member could not qualify as a nonaffiliated member.

c.   PETA understands that one UW IACUC member UW designates as "Unaffiliated"—whose identity PETA has confirmed through means described below—is the spouse of someone who was previously employed by UW and until March 2020 was employed by another organization that has received significant funding from UW, and, together with their spouse, is a consistent donor to UW. In PETA's understanding, this member could not qualify as a nonaffiliated member.

d.   PETA understands that one UW IACUC member UW lists as a nonscientist—whose identity PETA has confirmed through means described below—is the Executive Director of an organization that advocates for biomedical research and that, according to its published disclosures, considers animal experimentation a critical component of biomedical research. In PETA's understanding, this member could not legally qualify as a nonscientist.

9.    I am aware that the UW IACUC has added new members since the IACUC consisted of members PETA was able to identify. PETA believes that UW's history of improperly designating individuals as nonaffiliated and nonscientific supports a reasonable inference that the UW IACUC is not legally constituted.

10.   I am also aware that UW has gone to significant lengths to hide the identities of these new members from PETA. For example, as documented in an email dated September 9, 2020, a true and correct copy of which is attached as **Exhibit G**, a member of my staff was told by UW, in response to a public records request for rosters of UW IACUC members that PETA is aware UW keeps in the ordinary course, that UW had taken the brazen measure of deleting rosters rather than preserving the content in these public records. UW has also not responded to attempts by PETA to respectfully request the names of new UW IACUC members through other

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 6

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

means, including during a July 15, 2021 UW IACUC meeting. PETA is currently engaged in litigation with UW based on PETA's understanding that UW's practice of maintaining a state governing body consisting of a secret membership is a clear violation of Washington's Open Public Meeting Act, which requires all meetings of state governing bodies to be open and public. RCW 42.30.030. PETA believes UW's efforts to improperly shield the UW IACUC from public scrutiny further lend themselves to reasonable inference that UW is hiding the fact that the UW IACUC is not legally constituted.

11.    PETA believes that its inference is further supported by the fact that it is common for the membership of IACUCs at public universities to be publicly available. This is true both of other large public universities and of other public universities in Washington State.

12.    PETA understands its belief that the UW IACUC is not legally constituted to be further supported by the fact UW has shown contempt for other legally binding NIH policy. For example, the NIH Grants Policy Statement, in Section 8.4.2, states that recipients of NIH grants "must retain financial and programmatic records, supporting documents, statistical records, and all other records that are required by the terms of a grant, or may reasonably be considered pertinent to a grant, for a period of 3 years from the date the annual [Federal Financial Report] is submitted." *See* NIH, Off. Of Extramural Rsch., NIH Grants Policy Statement § 8.4.2. The King County Superior Court, in an order on summary judgment in litigation between PETA and UW, entered on December 23, 2021, and since affirmed in a denial of a UW motion for reconsideration, found UW liable because UW's practice of deleting photos and videos from primate experiments—with exceptions made for photos and videos UW leadership considered suitable for public viewing—made it impossible for UW to comply with the Washington Public Records Act.[3] Attached as **Exhibit H** are true and correct copies of the summary judgment and

---

[3] PETA also has a reasonable belief that this practice further demonstrates UW's disregard for applicable law governing animal experimenters. RCW 16.010 makes it a felony offense to destroy public records. In a sworn affidavit, the former head of UW's primate center identified the applicable UW policy for photographs and videos taken in these laboratories, under which all such photographs and videos were considered public records.

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7

ANGELI LAW GROUP LLC
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1    reconsideration orders. Attached as **Exhibit I** are true and correct copies of deposition excerpts

2    and a declaration of the former WaNPRC director.

3          13.    It was because of UW's efforts to improperly shield the UW IACUC from public

4    scrutiny, including its practice of deleting UW IACUC rosters, that PETA was forced to submit

5    the public records requests at issue in this lawsuit. As acknowledged by UW and documented in

6    an email dated September 8, 2020, a true and correct copy of which (as produced by UW) is

7    attached **Exhibit J**, this is the only guaranteed way for PETA to access this information.

8    Moreover, seeing these appointment letters would allow PETA to confirm which members of the

9    UW IACUC are designated for specific member categories, including nonaffiliated and

10   nonscientist membership categories.

11         14.    PETA believes its inferences regarding the intent behind UW's efforts to

12   improperly shield the UW IACUC from public scrutiny are further evidenced by UW's conduct

13   with respect to the public records requests at issue in this litigation. PETA submitted public

14   records request PRR-2021-000439, later denominated PRR-2021-000141, on June 24, 2021.

15   Despite this being a simple request for emailed correspondence that UW presumably maintains

16   in an easily accessible format, UW extended the response date on several occasions for more

17   than half a year—until, it would seem, UW IACUC members were prepared to bring this lawsuit.

18         15.    UW's responses to other public records requests submitted by PETA were

19   similarly delayed. A request submitted on July 29, 2021, first denominated PR-2021-00528 and

20   later denominated PR-2021-000105, sought a record providing the full name of a UW IACUC

21   member whom PETA believes UW improperly designates as nonaffiliated. A request submitted

22   on July 29, 2021, first denominated PR-2021-00529 and later denominated PR-2021-000093,

23   sought all IACUC committee review packets, as well as protocols used by specific members

24   whom PETA believes UW is improperly designating as nonaffiliated or nonscientist. A request

25   submitted on September 15, 2021, first denominated PR-2021-00687 and later denominated PR-

26   2021-000086, sought records documenting the UW IACUC composition and UW IACUC

27   appointment letters not encompassed by the prior requests. All of these requests were extended

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 8

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

several times, during a period of several months, apparently until UW IACUC members were prepared to bring this lawsuit.

16.     PETA's intent in submitting these public records requests and seeking these records is to investigate whether the UW IACUC is legally constituted. PETA does not seek this information in order to publicize the identities of UW IACUC members. This would be unnecessary because UW provided the names of almost all current members of the UW IACUC to PETA on March 4, 2021 in response to public records request PR-2021-00033. True and correct copies of that public records request, as well as documents produced in response to that request (redacted only for the purpose of this submission by PETA in an abundance of caution given the present litigation) are attached as **Exhibit K**. PETA also does not seek this information in order to publicize the contact information of UW IACUC members. This would be unnecessary because UW provided the email addresses of almost all current members of the UW IACUC to PETA on March 4, 2021 in response to public records request PR-2021-00033, *see id.*, as well as in a September 9, 2020 email from the UW Office of Public Records and Open Public Meetings to a PETA employee, and again several times over in discovery produced by UW without a protective order in litigation under the Washington Public Records Act in King County Superior Court. True and correct copies of those documents (redacted only for the purpose of this submission by PETA in an abundance of caution given the present litigation) are attached as **Exhibit L**. Despite having all of this information for longer than the public records requests at issue in this case were pending, PETA has not used it for any public purpose. This is because PETA seeks this information to investigate whether or not the UW is legally constituted**.**

17.     I am aware that, in this lawsuit, plaintiffs make several assertions regarding incidents occurring during UW IACUC meetings. PETA employees attend, watch, and typically record UW IACUC meetings. As a result, I have knowledge that plaintiffs' characterizations of these incidents are highly misleading. For example, plaintiffs make a number of references to a February 2022 incident in which "a member of the public who is a frequent speaker at meetings compared the University of Washington to Auschwitz and suggested that members of the UW

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

1   IACUC employ the same practices as Nazis." My understanding, however, is that the speaker in

2   question is a former UW professor who, rather than insulting or threatening UW IACUC

3   members, was respectfully referring to a famous remark by a refugee of Nazi Europe, Isaac

4   Bashevis Singer, who won the Nobel Prize for literature in 1978 and wrote: "In relation to

5   [animals], all people are Nazis. For [them], it is an eternal Treblinka." A true and correct copy of

6   a video recording of those comments is attached as **Exhibit M**. Likewise, I know, from watching

7   the video myself, that the request made by one of my staff members during a UW IACUC

8   meeting for identification of new IACUC members was made properly and respectfully during a

9   public comment period. A true and correct copy of a video recording of that request and the UW

10  IACUC's response is attached as **Exhibit N**.

11         18.    I also read the Declaration of P. Poe 1, in which this individual stated that they are

12  "aware that members of other IACUC committees have had their pets kidnapped by persons who

13  oppose animal research." I am aware of no such incidents, and the statements attributed to P. Poe

14  1 provide no information whatsoever that I could use to substantiate the allegations one way or

15  another.

16         19.    Attached as **Exhibit O** is a true and correct copy of report by the *Arizona*

17  *Republic*, saved and preserved in PDF format by my staff.

18         20.    Attached as **Exhibit P** is a true and correct copy of UW's production in response

19  to PETA's September 3, 2020 public records request. As can be seen, the roster provided does

20  not identify the names of UW IACUC members.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 10

21.     Attached as **Exhibit Q** is a non-exhaustive list compiled by my staff of other colleges and universities whose IACUC members are not only non-anonymous, but revealed prominently on those institutions' websites.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 30th day of March, 2022.

Kathy Guillermo

Kathy Guillermo

DECLARATION OF KATHY GUILLERMO IN SUPPORT OF PETA'S
OPPOSITION TO PLAINTIFF'S MOTION FOR PRLIMINARY INJUNCTION - 11

**ANGELI LAW GROUP LLC**
121 S.W. Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880