The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE SULLIVAN and P. POES 1-75, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF WASHINGTON, a Washington public corporation; ELIZA SAUNDERS, Director of Public Records and Open Public Meetings at the University of Washington, in their official capacity,<br><br>Defendants,<br><br>and<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a Virginia nonstock corporation,<br><br>Intervenor-Defendant. | No. 2:22-cv-0204-RAJ<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>[PROPOSED] |

This matter came before the Court on a motion by Plaintiff Jane Sullivan and Plaintiff P. Poe 1 ("Plaintiffs"), on behalf of themselves and all others similarly situated, for a Temporary Restraining Order against Defendants the University of Washington, and Eliza Saunders, Director

TEMPORARY RESTRAINING ORDER - 1
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

of Public Records and Open Public Meetings at the University of Washington, in their official capacity (the "University of Washington Defendants").

The Court, having considered Plaintiffs' Motion, all materials filed in support thereof, any materials filed in opposition, and the pleadings and papers of record in this matter, hereby FINDS as follows:

1. The University of Washington Defendants have received a request under Washington's Public Records Act, RCW 42.56, submitted by Intervenor-Defendant PETA, for the disclosure of information relating to Plaintiffs' appointments to the University of Washington's Institutional Animal Care and Use Committee ("IACUC"), namely, Public Records Request PR_2021_000141 (Jones-Engel) (the "Public Records Request").

2. The Public Records Request seeks disclosure "from January 1, 2014, to the present," of "all of the Institutional Animal Care and Use Committee appointment letters that institutional officials have created or produced" (the "Appointment Letters").

3. The University of Washington Defendants have notified at least some of Plaintiffs and those similarly situated that, unless restrained by a court order or other judicial prohibition, they believe the Public Records Act likely requires them to release the records at issue in response to PETA's PRA request.

4. Communications by Defendants relating to the Public Records Request also contain personally identifying information of Plaintiffs that identify them as associated with the IACUC.

5. On April 26, 2022, this Court issued a Preliminary Injunction in this matter (Dkt #38).

6. PETA undertook an interlocutory appeal from this Court's injunction order, and the Ninth Circuit issued an opinion on February 17, 2023, reversing the injunction. Plaintiffs filed a joint Petition for Rehearing/Rehearing En Banc, which the Court of Appeals denied on Wednesday, March 29, 2023 (Dkt #67). Accordingly, the parties expect the Court of Appeals' mandate to issue on Wednesday, April 5, 2023.

TEMPORARY RESTRAINING ORDER - 2
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

7. PETA's Motion to Dismiss Plaintiffs' Second Amended Complaint is currently pending.

8. Plaintiffs state their intent to shortly file a Motion to Modify Injunction / Motion for Preliminary Injunction, noted for April 28, 2023, based upon the following causes of action from Plaintiffs' Second Amended Complaint:

   a. Plaintiffs' claim that the records at issue are exempt from disclosure under Washington's Public Records act through RCW 4.24.580, an anti-harassment statute that constitutes an "other statute" exemption from PRA disclosure; and

   b. Plaintiffs' claim that the disclosure of their personally identifying information would violate their rights of personal security and bodily integrity under the Constitutions of Washington and the United States.

9. Plaintiffs have given Defendants, through their counsel, notice of their intent to seek this Temporary Restraining Order.

10. PETA does not concede the Court has subject-matter jurisdiction to enter this TRO, or that Plaintiffs have met the requirements for issuance of a TRO on the merits.

11. PETA does not oppose the issuance of a TRO that expires no later than May 3, 2023.

12. PETA will not seek Public Records Act penalties or fees from the University of Washington while this Temporary Restraining Order remains in effect, in this matter or any separate one, with respect to records covered by the Temporary Restraining Order, in response to any pending public records request.

13. The University of Washington Defendants do not concede the Court has subject-matter jurisdiction to enter this TRO, or that Plaintiffs have met the requirements for issuance of a TRO on the merits.

14. The University of Washington Defendants do not oppose the issuance of this TRO.

TEMPORARY RESTRAINING ORDER - 3
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

15. If the documents and information at issue were to be released on or about April 5, 2023, due to the issuance of the Ninth Circuit's mandate, it would irreparably harm Plaintiffs and eliminate any possibility of their requested relief, before this Court has an opportunity to decide on the merits the issues raised by PETA's Motion to Dismiss Plaintiffs' Second Amended Complaint and by Plaintiffs' Motion to Modify Injunction / Motion for Preliminary Injunction, based on Plaintiffs' Second Amended Complaint.

16. The materials submitted by Plaintiffs and declarants on their behalf in this matter establish that Plaintiffs and members of the putative class, due to their association with the IACUC, face a substantial and ongoing threat of harassment by members of the public who are opposed to animal research.

17. Plaintiffs provide evidence sufficient to conclude, for purposes of this motion, that harassment directed at Plaintiffs and members of the putative class, based on their association with the IACUC, likely will increase if they are publicly identified as associated with the IACUC, due to the disclosure of their personally identifying information.

18. Plaintiffs include employees of a research or educational facility involved in animal research.

Based on the foregoing findings, the Court CONCLUDES as follows:

19. This Court has jurisdiction and venue over the subject matter and over Defendants.

20. The harassment likely to be directed at Plaintiffs and putative class members, if their personally identifying information were to be disclosed, is potentially sufficient to satisfy the terms of RCW 4.24.580, making the relevant records exempt from disclosure under Washington's Public Records Act, RCW 42.56.070(1), and RCW 42.56.540.

21. The harassment likely to be directed at Plaintiffs and putative class members, if their personally identifying information were to be disclosed, is potentially sufficient to violate

TEMPORARY RESTRAINING ORDER - 4
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Plaintiffs' rights of personal security and bodily integrity under the Constitutions of Washington and the United States.

22. Release of the personally identifying information of Plaintiffs and putative class members prior to the Court's ruling on the merits of PETA's Motion to Dismiss Plaintiffs' Second Amended Complaint and Plaintiffs' Motion to Modify Injunction / Motion for Preliminary Injunction would not be in the public interest and would substantially and irreparably damage Plaintiffs, putative class members, and the IACUC.

23. Under the Ninth Circuit's sliding scale approach, Plaintiffs demonstrate "serious questions going to the merits" of their claims "and the balance of hardships tips sharply in [their] favor." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

24. Defendants received adequate notice of Plaintiffs' Motion for Temporary Restraining Order.

25. A Temporary Restraining Order against the University of Washington Defendants is warranted to preserve the status quo, pending a hearing on whether to enter a preliminary and permanent injunction.

26. No bond is necessary to protect the rights of Defendants.

The Court therefore ORDERS:

27. Plaintiffs' Motion for a Temporary Restraining Order is GRANTED.

28. Pending further order of this Court, the University of Washington Defendants are enjoined from disclosing the personally identifying information of Plaintiffs and putative class members, specifically, any current or former member or alternate member of the IACUC, in response or in relation to any request under Washington's Public Records Act, whether in Appointment Letters, in communications relating to the Public Records Request, or otherwise, to

TEMPORARY RESTRAINING ORDER - 5
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

the extent such disclosure would identify any such individual as associated with the IACUC, on the same terms as the Court's prior preliminary injunction order (Dkt #38).

29. This Temporary Restraining Order shall remain in effect until May 3, 2023, or until further order of this Court, whichever is sooner.

30. The bond requirement of Fed. R. Civ. P. 65(c) is inapplicable and is hereby WAIVED.

DATED this _____4th_____ day of April, 2023.

RICHARD A. JONES
United States District Judge

Presented by:

**Goldfarb & Huck Roth Riojas, PLLC**

/s/Darwin P. Roberts
Darwin P. Roberts, WSBA No. 32539

925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
E-mail: roberts@goldfarb-huck.com

Counsel for Plaintiffs Jane Sullivan, *et al.*

TEMPORARY RESTRAINING ORDER - 6
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Approved as to form:

s/ Nancy S. Garland
**NANCY S. GARLAND, WSBA #43501**

s/ Jessica Creighton
**JESSICA CREIGHTON, WSBA #37956**
Assistant Attorneys General
Washington Attorney General's Office
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
Seattle, Washington 98195-9475
Phone: (206) 543-4150
Facsimile: (206) 543-0779

E-mail: nancys.garland@atg.wa.gov
jessica.creighton@atg.wa.gov

Attorneys for Defendants the University of Washington and Eliza Saunders


**ANGELI LAW GROUP LLC**
*s/ Peter D. Hawkes*
Peter D. Hawkes, WSBA #56794
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Tel: 971-420-0220
Fax: 503-227-0880

Attorneys for People for the Ethical Treatment of Animals, Inc.

TEMPORARY RESTRAINING ORDER - 7
SULLIVAN ET AL. v. UNIVERSITY OF WASHINGTON ET AL.
NO. CV22-204-RAJ

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260