**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE SULLIVAN; P. POES, 1-75; Individually and on behalf of others similarly situated,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>UNIVERSITY OF WASHINGTON, a Washington public corporation; ELIZA SAUNDERS, Director of Public Records and Open Public Meetings, University of Washington,<br><br>        Defendants-Appellees,<br><br> v.<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>        Intervenor-Defendant-Appellant. | No.   23-35313<br><br>D.C. No. 2:22-cv-00204-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted November 13, 2023
Seattle, Washington

---

      *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  McKEOWN and GOULD, Circuit Judges, and BAKER,** International Trade Judge.
Partial Concurrence and Partial Dissent by Judge BAKER.

People for the Ethical Treatment of Animals, Inc. (PETA) appeals the grant of a second preliminary injunction[1] enjoining the University of Washington (UW) et al. from disclosing the personal identifying information of plaintiffs and putative class members who are current, former, or alternate members of UW's Institutional Animal Care and Use Committee (IACUC).  We conclude that named plaintiffs Jane Sullivan and P. Poe 1 lack Article III standing.  We vacate the injunction and remand to the district court with instructions to dismiss.

Article III standing requires: (1) an injury-in-fact; (2) that is "fairly traceable to the challenged action of the defendant"; and (3) it must be "likely" that the injury is redressable by a favorable decision. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680 (9th Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  In evaluating standing, we may "review evidence beyond the complaint" where the defendant makes a "factual attack" on jurisdiction by disputing the "truth of the allegations."  *Am. Diabetes*

---

\*\*    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

[1] This Court reversed and remanded the district court's first grant of a preliminary injunction.  *Sullivan v. Univ. of Wash.*, 60 F.4th 574 (9th Cir. 2023).

2

*Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1151 (9th Cir. 2019); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). For their claims to be justiciable, either Sullivan or P. Poe 1 must demonstrate Article III standing because they are the only named plaintiffs. *Horne v. Flores*, 557 U.S. 433, 445 (2009) (holding that only one party needs standing for a case to be justiciable); *Martinez v. Newsom*, 46 F.4th 965, 970 (9th Cir. 2022) (plaintiffs generally cannot base standing on injuries suffered by proposed class members). We conclude that Sullivan and P. Poe 1 lack standing because neither can demonstrate redressability.

    1. P. Poe 1 cannot demonstrate redressability because their information has been disclosed. P. Poe 1's declaration, dated February 22, 2022, states, "I have been a member of the IACUC at UW for several years. I also have served in the past on other IACUC committees." But according to another declaration, UW, on March 4, 2021, "provided the names of almost all current members of the [IACUC] to PETA in response to PETA's public records request." "[T]his production also included the email addresses of almost all current members of the UW IACUC." At oral argument, counsel for plaintiffs could not cite any part of the record to support a finding that P. Poe 1's information has not been disclosed, underscoring the fact that P. Poe 1 did not, in response to PETA's factual attack on jurisdiction, "furnish affidavits or other evidence necessary to satisfy [their] burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

3

2. Sullivan cannot demonstrate redressability because she cannot represent the IACUC's institutional interests in her role as the chair of the IACUC. Because her identity is publicly known, Sullivan can only demonstrate redressability if the injury-in-fact is framed as a negative effect on the IACUC's functioning.[2] But under Washington state law, only the Attorney General can sue on behalf of the IACUC, which is part of UW. RCW 28B.10.510, 28B.20.130(1). Although the IACUC was created as a requirement of a federal statute, its members are appointed by UW's chief executive officer. 7 U.S.C. § 2143(b)(1). Moreover, it is significant that Sullivan and UW are adverse parties (despite being aligned as appellees for purposes of this appeal) because allowing Sullivan to represent UW's institutional interests against PETA would place UW on both sides of the litigation. This situation would not be a proper circumstance for the litigation to proceed and resolve whether UW must disclose plaintiffs' personal information under the Washington State Public Records Act.

---

[2] Sullivan cannot derive a personal injury from an institutional injury to the IACUC because, as we have previously held, the IACUC members' work is "not intended to enhance effective advocacy of [the IACUC members'] views or to pursue their lawful private interests," but is part of UW's "public function." *Sullivan*, 60 F.4th at 580–81 (internal quotation marks omitted).

Because both Sullivan and P. Poe 1 lacked standing "from the outset" of the litigation,[3] the class action must be dismissed without allowing for the substitution of another class representative. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 & n.6 (9th Cir. 2003). We do not remand with instructions for the district court to consider whether to dismiss Sullivan's remaining claim under RCW 42.56.540 because, as the partial concurrence acknowledges, "no live federal claims remain in the case."

**VACATED and REMANDED.**

---

[3] Plaintiffs' initial complaint was filed on February 22, 2022, which is after UW's prior disclosures of P. Poe 1's personal information on March 4, 2021.

*Sullivan v. Univ. of Wash.*, No. 23-35313

BAKER, Judge, concurring in part and dissenting in part:

I join the disposition's discussion of P. Poe 1's lack of standing to bring federal informational-privacy[1] and Washington state constitutional claims, which were the basis for the district court's preliminary injunction. As to Sullivan's standing for these claims, the disposition holds—and I agree—that her alleged injury of information disclosure is not redressable because that disclosure has already occurred.

The majority also implies, however, that Sullivan's alleged injury to her ability to perform her function as committee chair (the basis for her state law claim under RCW 42.56.540) might—if state law were no impediment—*also* confer standing for purposes of her federal informational-privacy and Washington constitutional claims. Even if mixing and matching an alleged injury with different legal theories satisfies constitutional standing on these facts,[2] it creates a prudential standing problem.

---

[1] This circuit has acknowledged a substantive due process right to informational privacy. *See In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999) (explaining that the Supreme Court's precedents recognize an "individual interest in avoiding disclosure of personal matters") (quoting *Doe v. Att'y Gen.*, 941 F.2d 780, 795 (9th Cir. 1991) (itself quoting *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977))).

[2] Because both of Sullivan's alleged injuries—disclosure of her personal information and impairment of her ability to perform her duties as committee chair—are traceable to the *same* challenged conduct (the threatened disclosure of committee member personal information), either injury appears to satisfy the causation element of the Supreme Court's tripartite standing test (injury-in fact, causation, and redressability). *Cf. Johnson v. U.S. Off. of Pers. Mgmt.*, 783 F.3d 655, 661 (7th Cir. 2015) ("The fact that a plaintiff has suffered an injury that is traceable to one kind of conduct does not grant that plaintiff standing to challenge other, even related, conduct;

Under circuit precedent, prudential standing "denies a right of review if the plaintiff's interests are marginally related to or inconsistent with the purposes implicit in the relevant constitutional provision." *City of Los Angeles v. County of Kern*, 581 F.3d 841, 847 (9th Cir. 2009) (cleaned up). In my view, Sullivan's interest in performing her duties as committee chair is not even marginally related to the substantive due process right of informational privacy recognized in *Crawford* and similar informational-privacy rights that she asserts under the Washington constitution. Sullivan therefore lacks prudential standing to prosecute her federal informational-privacy and state constitutional claims insofar as her alleged injury is impairment of her committee chair role.[3] Given that she lacks prudential standing, I would avoid deciding the difficult question whether that injury confers constitutional standing for

---

'standing is not dispensed in gross.' ") (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).

[3] I acknowledge that prudential standing is not jurisdictional, and we have the discretion to find that Intervenor-Defendant-Appellant PETA waived that defense by not raising it. *See Kern*, 581 F.3d at 845–46. Nevertheless, in *Kern* we raised prudential standing sua sponte because doing so "could obviate the need to rule on the merits" of a constitutional question. *Id*. at 846. We were "guided by the traditional principle that a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available. This rule against unnecessary constitutional adjudication applies even when neither the trial court nor the parties have considered the nonconstitutional basis for decision." *Id*. (quoting *Correa v. Clayton*, 563 F.2d 396, 400 (9th Cir. 1977)). Similarly here, resolving the question of Sullivan's standing on prudential grounds would allow us to avoid the issue of her constitutional standing based on the alleged injury to her ability to perform as committee chair.

2

those claims.

As both P. Poe 1 and Sullivan lack standing to prosecute their federal informational-privacy claims and Washington constitutional claims, and as we have already rejected their First Amendment claim on the merits, *see Sullivan v. Univ. of Wash.*, 60 F.4th 574 (9th Cir. 2023), no live federal claims remain in the case. I would therefore vacate the injunction and remand with instructions for the district court to consider whether to dismiss Sullivan's remaining claim under RCW 42.56.540. *See* 28 U.S.C. § 1367(c)(1), (3) (authorizing a district court to decline to exercise supplemental jurisdiction over a state law claim if "the claim raises a novel or complex issue of State law" or if the court "has dismissed all claims over which it has original jurisdiction," respectively).[4]

---

[4] I understand the majority's dismissal of Sullivan's RCW 42.56.540 claim is based on my colleagues' determination that the alleged injury to her committee chair function does not confer constitutional standing for that claim *or* her federal informational-privacy and state constitutional claims. Insofar as the majority instead relies on 28 U.S.C. § 1367(c)(3) to dismiss her RCW 42.56.540 claim, such reliance would be misplaced because the district court had original jurisdiction over Plaintiffs' First Amendment claim that the prior panel rejected on the merits. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("This requirement that the supplemental state-law claims be dismissed where the district court had no underlying original jurisdiction must be distinguished from the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction."). Because the district court had original jurisdiction over a federal claim that is no longer live, it's the district court's discretion—not ours—to determine whether Sullivan's RCW 42.56.540 claim should be heard.